PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CECILIO SÁNCHEZ, Defendant and Appellant. SAME *v.* SAME.

Nos. 6190 and 6191. Argued December 2, 1936.—Decided December 15, 1936.

690

*R. Díaz Cintrón,* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Cecilio Sánchez was convicted in the District Court of San Juan of disturbing the peace and carrying a prohibitted weapon. The cases were heard together in this court and in the court below.

The evidence of two policemen and of a third person tended to show that on the principal street of Loíza a fight took place and that Cecilio Sánchez fired a pistol into the air which caused a disturbance and attracted many people. After the principal event took place, there was evidence tending to show that the defendant took the pistol and threw it on the balcony of a house of Mr. Albandoz. Mr. Albandoz picked it up and turned it over to a policeman. The policeman and Albandoz both testified.

The appellant maintains that the revolver was not sufficiently identified. In point of fact, given the testimony in the case, there was no necessity to identify it. If the witnesses were to be believed there was no doubt that Cecilio Sánchez fired a weapon in the air on the principal street of Loíza and hence the production of the revolver, while frequently important was not absolutely necessary. Assuming however, that it was necessary, where a man is alleged to

have used a weapon and a short while thereafter is shown to have thrown a revolver on a balcony, the conclusion is practically inevitable that the revolver was the one which he used to fire into the air.

The case of *People* v. *Cartagena*, 37 P.R.R. 261 holds nothing to the contrary. Naturally, if the weapon is not found the proof of its having been used should be strong.

There was a chain of testimony, both direct and circumstantial, leaving understandably no doubt in the mind of the trier that the weapon found was the same as used at the time of the fight or directly thereafter.

The appellant also says something about the two crimes being merged. We quite agree with the district attorney that disturbing the peace and carrying a prohibited weapon are independent offenses and no question of merger could arise. Indeed, the pistol was being carried before the disturbance of the peace took place. There was also some reference to the effect that we have decided in some cases that it was the illegal use rather than the carrying of the weapon that constituted the offense. Be this as it may, for particular cases the carrying of a revolver is in itself an offense, unless it falls within some of the exceptions distinctly allowed by the law of which this case is not one.

The judgment in each of the cases should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.